**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-00973-001-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| William Charles Pillatos, | |
| Defendant. | |

Before the Court is Defendant William Charles Pillatos' ("Defendant") Motion for Compassionate Release. (Doc. 141.) For the reasons stated below, the motion is denied.

## BACKGROUND

Defendant pled guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). (Doc. 120.) In July 2017, he was sentenced to 63 months in prison with three years of supervised release to follow. (Doc. 125.) Defendant is presently in federal custody at FCI-Sheridan. (Doc. 141 at 16.) Defendant filed the instant motion for compassionate release on August 17, 2020. (Doc. 141.)

## DISCUSSION

### I.    Legal Standard

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *see United States v. Tsosie*, No. CR940003101PCTDGC, 2020 WL 3268694, at *1 (D. Ariz. June 17,

2020) ("The First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners," rather than only the Prison Director). Amended § 3582(c) provides:

> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). Although § 3582(c) does not define "extraordinary and compelling reasons," the Sentencing Commission has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. § 1B1.13, application note 1(A)-(D); *see United States v. Esparza*, No. 17-cr-1101-JAH, 2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020).[1] Specifically, the commission contemplated a medical condition from which the defendant is not expected to recover—one that "substantially diminishes the ability of the defendant to provide self care within the environment of a correctional facility." U.S.S.G. § 1B1.13, application note 1(A) (providing as examples terminal illness, deteriorating physical or mental health, and serious cognitive impairment).

## II.   Analysis

Defendant asserts he has five medical conditions that establish extraordinary circumstances in light of the COVID-19 pandemic: (1) bronchitis; (2) GERD; (3) high blood pressure; (4) hepatitis B; and (5) a family history of diabetes. Medical records show that Defendant has suffered from bronchitis, GERD, hepatitis B, and sporadic high blood

---

[1] Though, by its terms, the current policy statement applies to motions for compassionate release filed by the BOP Director, it does provide helpful guidance given the commission has not amended the statement since the FSA was enacted or adopted a new policy statement applicable to motions filed by defendants. U.S.S.G. § 1B1.13; *see United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019) (citing *United States v. Gross*, No. 2:04-CR-32-RMP, 2019 WL 2437463, at *2 (E.D. Wash. June 11, 2019)).

pressure. (Doc. 143); (Doc. 144); (Doc 145). These records do not establish, however, that his afflictions are particularly serious or that they put him at a significantly increased risk were he to contract COVID-19.

First, although he has been prescribed albuterol because of bronchitis, Defendants records indicate he has been using the medication less over time.  (Doc. 145 at 5.) Nor does a past bout of bronchitis establish that Defendant is at an increased risk of severe illness from COVID-19. *See United States v. Gonzalez*, No. 3:15-CR-00223 (MPS), 2020 WL 5793304, at *3 (D. Conn. Sept. 29, 2020) (noting that the CDC recognizes chronic, but not acute, bronchitis as a risk factor). Likewise, Defendant's records indicate that, though he has had high blood pressure in the past it was sporadic, and in in 2020 his most recent numbers were in the normal range. (Doc. 146 at 7–10.)

Further, although Defendant points out that COVID-19 can cause gastrointestinal symptoms, he offers no support for his assertion that a diagnosis of GERD places a patient at an increased risk for COVID-19 complications. (Doc. 141 at 9.) In fact, other courts have rejected the contention that gastric reflux or GERD creates an increased risk. *See, e.g.*, *United States v. Hassan*, No. 2:16-CR-00084-JDL, 2020 WL 6163125, at *3 (D. Me. Oct. 21, 2020) ("The COVID-19 guidance issued by the Centers for Disease Control and Prevention ('CDC') does not classify GERD, or any other gastrointestinal condition, as a COVID-19 risk factor."); *United States v. Daza-Cortez*, No. 2:15-cr-00269-RAJ, 2020 WL 3451959, at *5–6 (W.D. Wash. June 24, 2020) (holding the defendant's depression, GERD, and colitis were not the type of conditions warranting release). Nor have courts found a hepatitis B diagnosis sufficient to warrant release, absent serious complications or symptoms such as liver disease. *See United States v. Rodriguez*, No. CR 17-618, 2020 WL 3447777, at *3 (E.D. Pa. June 24, 2020) ("The Centers for Disease Control and Prevention ('CDC') website states in response to the question 'Are people with hepatitis B virus or hepatitis C at higher risk for COVID-19 than other people?' that '[c]urrently, [it has] no information about whether people with hepatitis B or hepatitis C are at increased risk for getting COVID-19 or having severe COVID-19'"); *United States v. Ram*, Crim. A. No. 13-

50045, 2020 WL 3100837, at *2-3 (W.D. Ark. June 11, 2020) (rejecting defendant's claim for compassionate release where defendant had hepatitis B and "issues" related to that diagnosis, where defendant failed to describe the nature of his "issues" and did not assert that he suffered from serious complications). Defendant asserts no complications or symptoms associated with his hepatitis B diagnosis that indicate he is at an increased risk if he were to contract COVID-19. (Doc. 141 at 11.) Finally, a family history of diabetes does not establish Defendant's current health necessitates compassionate release. *United States v. Gayle*, No. 10 CR 391-19 (CM), 2020 WL 4671718, at *3 (S.D.N.Y. Aug. 12, 2020) ("The CDC says nothing about people with family histories of diabetes or high blood pressure, or, for that matter, people who are at risk of diabetes or high blood pressure; to the contrary, the CDC only explains that people who actually have specific subsets of diabetes and high blood pressure—namely, Type 2 diabetes mellitus and pulmonary hypertension—as being at 'increased risk for severe illness from COVID-19.'"): *United States v. McKnight*, No. CR18-16 TSZ, 2020 WL 1872412, at *3 (W.D. Wash. Apr. 15, 2020).

Moreover, Defendant has not shown that he is at a significant risk of contracting COVID-19 while detained at FCI-Sheridan. As of November 3, 2020, only five inmates—out of a total population of 1,446—have tested positive for COVID-19 at FCI-Sheridan. *See* Federal BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/index.jsp (FCI-Sheridan); Federal BOP, FCI-Sheridan, https://www.bop.gov/locations/institutions/she/ (last visited Nov. 3, 2020). Neither Defendant's references to statistics about outbreaks in federal prisons as a whole nor his anxieties about the increased risks that COVID-19 will spread in confinement establish individualized risk. (Doc. 141 at 13–14.)

Defendant's general concern about possibly contracting the virus is not analogous to the Commission's articulated as criteria for compassionate release. See *United States v. Hays*, No. CR 18-00088-KD-N, 2020 WL 1698778, at *3 (S.D. Ala. Apr. 7, 2020) ("Hays' concerns about contracting Covid 19 and her belief that her conditions of confinement are not sanitary and would not protect her from the virus, are not comparable or analogous.")

"Courts have found general concerns about possible exposure to COVID-19 'do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.'" *United States v. Atari*, No. 2:17-CR-00232-JAM, 2020 WL 2615030, at *2 (E.D. Cal. May 22, 2020) (internal citations omitted); *see United States v. Partida*, No. CR-17-08260-001-PCT-DGC, 2020 WL 3050705, at *6 (D. Ariz. June 8, 2020) (same). The Court finds that Defendant has not established extraordinary and compelling reasons for compassionate release under 18 U.S.C. § 3582(c).

## CONCLUSION

For the reasons set forth above, the motion for compassionate release is denied because Defendant has not demonstrated an extraordinary or compelling reason for his release.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. 141) is **DENIED.**

Dated this 9th day of November, 2020.

G. Murray Snow
Chief United States District Judge